Good morning, Your Honor. It's Jonathan Easting on behalf of Mr. Munoz. You can do ten minutes for direct, depending on how your questioning goes, and I'd like to reserve about two minutes for rebuttal. Very good. Good morning, Counsel. Good morning. I'm Assistant State's Attorney Tasha Marie Kelly on behalf of the people. How much time will your argument take? Between ten and fifteen minutes. Very good. Okay, you may proceed, Counsel. I should advise you that the Court has read the briefs, and I would advise you to get to your first argument. But proceed. Thank you, Your Honors. Your Honors, we'll recall in this case, in 1985 when he was sixteen years old, Reynaldo Munoz was arrested for the shooting of Mena and Garcia. He was subsequently convicted in a trial where it was largely the single eyewitness testimony of Mr. Garcia against his alibi testimony and that of his parents. Now in the current petition for post-conviction relief, originally filed in 2008, he includes an affidavit from a Hermino Molina. That affidavit states that Mr. Molina was at the scene of the crime, that he knew Reynaldo personally, and that he did not see Reynaldo there. That the shooter in this case, in fact, was not Reynaldo, but somebody named Shorty. And beyond that, Mr. Molina states that he passed this information along to the lead detective investigating the case, as well as another police officer, going so far as to actually reenact the events of the crime for them. A number of issues are raised in the brief. I'm going to be focusing on the first two of those here, which is the actual innocence claim and the Brady claim. I believe that the facts underlying Mr. Molina's affidavit establish a claim of actual innocence. If the Court will recall, in People v. Ortiz just last year, the Illinois Supreme Court made clear that in a successive petition like this, when a petitioner raises a claim of actual innocence, he need not pass the cause and prejudice test. Your Honor, his statement clearly sets forth each of the elements of a claim. The elements of that claim are new, material, non-cumulative evidence that may be found. How do we know this is newly discovered? First, Your Honor, we have, you know, the rule made clear in Banks v. Drutke and in Strickler v. Green that when the information is in the possession of the State, due diligence does not require a defendant to go find information that has not been disclosed, but should have. You agree that the affidavit is lacking in things. Like, where have you been all these years? How did you discover? Your Honor, so first The State points that all out, I might say, in the whole brief. So why don't you address those points? Your Honor And how is this different than Ortiz? Well, I would suggest it does follow Ortiz because in Ortiz, in fact, you know, in People v. Ortiz, the most recent eyewitness testimony came up in a third successive petition, and yet the Supreme Court found that that was enough to even grant the defendant a trial. Most importantly, if you want to see the distinction from Ortiz, I suggest it's at the State's pleading. All that we are asking for right now is that Raynaldo be given a chance to argue his innocence. We're not even in that procedural state of Ortiz where the Circuit Court was at the position of granting a new trial. Under Ortiz, the defendant is not required to prove his innocence. Is that correct? That is correct, Your Honor. He's obligated to make a claim that merits further proceedings. It's the same permissive standards that we use for evaluating other pro se claims under the Act. Here, we're not even into that first summary dismissal stage. This is simply an issue over whether Munoz gets to file this claim at all. And have it presented to the Court. And have it fully presented to the Court. And it's your position that he has alleged sufficient facts for this Court to reverse and send it back, for his claim of actual innocence to be reviewed by the trial court? Yes, that's correct, Your Honor. Our position is that this should be reversed because there's enough facts there. I'd also note that when we have a pro se litigant like this, just earlier this year, there's People v. Brown in the Illinois Supreme Court. That was a case of the pro se litigant in arguing an ineffective assistance of counsel claim simply because he missed the prong of prejudice. He missed half the argument. Yet there's enough there that because we have lenient standards for pro se litigants, that it's sent it back. And that's why, you know, the standard, as Your Honor's opinion in Anderson at least suggests, is one of arguableness. It would be nice if the Illinois Supreme Court was clear on the precise standards that we use to evaluate a claim of actual innocence at this State. However, it has said that we evaluate these claims like any other claims brought under the Act and that they bypass cause and prejudice. I suggest, like People v. Knight has recently done in the third district, People v. Williams and another division of this district last year, the proper way to view it is with a very lenient eye. And the question is, is there enough here worth sending it back to find out? Further, Your Honor, there is enough detailed facts as to whether it's new in the record. In particular, the affidavit indicates that the witness moved out of State. That alone was enough in the People v. – in the seminal actual innocence case of Washington. There, the witness had moved to Mississippi and couldn't be found. Here, we know that Molina has moved out of State. We know that from the Massachusetts notary seal. Additionally, Your Honor, we'd expect at subsequent proceedings to be able to show facts that are not within the four corners of the petition. The four corners here are enough. But the family has relayed to me, for example, that they in fact learned Mr. Molina's name. They hired a private investigator to try to track him down. Based on the address they got out of that, Mr. Munoz's niece drove out to Massachusetts, which is how we have a 2006 affidavit in the record with a Massachusetts notary. But because – of course, I would love all this to be pled in the petition and make this life's court – this court's life much easier. But at this extremely early stage where, you know, the question is merely, is there a gist of an arguable claim? Is there something worth looking at? I would suggest we send it through. Further, Your Honors, the Brady claim does operate independently here. It's clear that, you know, the statement expressed representation that's on the record before trial that it disclosed every bit of exculpatory information. It's clear that Mr. Molina's count, which we have to take as true at this stage of the proceedings, is exculpatory information. And this is far more material than the sort of mere impeachment evidence that often results in relief in Brady cases. This is the identity of the single exculpatory eyewitness that says that I was at the scene of the shooting. The defendant did not do it. The person that did do it is still out there. And I relayed this to two officers. I walked one of the Now, we've never seen that statement. Given that we have to take that affidavit as true, there's enough to go back and allow them to plead a Brady claim. Yes, we have to establish cause and prejudice in such a claim. As the United States Supreme Court has held and as the Illinois Supreme Court followed in Pitzenbarger, the elements of the Brady claim coincide with the elements of cause and prejudice. Cause is established by showing that it wasn't just shown by showing that the evidence would be material. Clearly the testimony of an exculpatory witness is material evidence. Your Honor, all we are asking for today is a chance to let Mr. Munoz be heard. We're not asking for him to be released. We're not asking for this court to suddenly order a new trial. We know what happened in the court below. Judge Ford simply missed the attached affidavit and never fully considered this claim. In fact, this Court is the first one to ever be able to look at Mr. Munoz's affidavit. Given that, I would ask this Court to reverse Judge Ford's denial of cause and prejudice, reverse the fine that followed from that denial, and give him a chance to allow his claim to be heard. Counsel, you suggest that we should also have it assigned to a different judge? Yes, Your Honor. What argument do you have on that? Your Honor, Judge Ford committed a serious oversight when he missed that affidavit. That affidavit. There's a sign upstairs that says, here are the other side. Wouldn't it be better to send it back and file a motion for cause? Your Honor, then we'd be trapped in the procedures of what a motion for cause is, how we deal with a motion for cause during post-conviction proceedings. You're asking us if the cause should be taken up. The state didn't respond, I saw it, did they? No, Your Honor. They didn't respond in much detail. Doesn't it take two sides to argue a case? It does take two sides. Excuse me, Your Honor? If it's for cause, in the trial court, the trial court judge would transfer it to another judge who would decide if the cause was correct. Yes, Your Honor. A motion for cause is one option. We suggest that we follow Reyes here, in which this Court did order it reassigned to a new judge. And there's no reason to go through the step of cause, especially here. The underlying interest in retaining a judge, that the judge is familiar with the particular facts of the case, simply doesn't hold because Judge Ford wasn't the trial judge in this case. Judge Ford picked up this part of Judge Tuman's docket. Thank you, Counsel. Thank you, Your Honor. Again, may it please the Court, I'm Assistant State's Attorney Tasha Marie Kelly on behalf of the people of the State of Illinois. The decision by the post-conviction court in this case to deny a defendant leave to file his successive petition was correct and should be affirmed by this Court for two key reasons. First, defendant failed to set forth a valid freestanding claim in the case. And second, defendant failed to set forth a Brady violation in his original pleading, which was filed with the Court, and he should not be allowed to add one here on appeal. This is a first stage. It's by a pro se defendant who's incarcerated. That's correct. However, there are still If you were the attorney assigned at stage two, wouldn't you polish everything up and put in, by asking questions, you'd put in things that you point out are missing? Well, that is the point of an attorney at stage two, but our position is that defendant has not made sufficient pleadings to get past the initial stages. You made two pleadings. One, I have a witness now I never had before, and seeing a case, a witness that you had the first time was inconsistent in his statements. And two, he alleges a Brady violation, which is very serious, and why shouldn't we send it back for that alone? Well, two reasons. First of all, if you look at the defendant's actual post-conviction pleading, he didn't include a freestanding Brady claim. This is a first stage. Where is that claim deficient? It's not included as an actual claim in his post-conviction petition. While it is set out in his actual brief, which is filed here with this court, it's not in his initial pleading, which was filed and considered by the trial court. He set forth five claims in that post-conviction petition, three ineffective assistance of counsel claims, a claim involving Rule 651, and an actual innocence claim. There's not a Brady claim in there. Was Molina's affidavit attached to his petition? Yes, it is. Well, isn't it obvious? Who drafted the affidavit, do you know? I do not know that. We'll find out. I do not know that. But I would However, the problem with those, the information that you're talking about, turning to the affidavit, for example, if you look at the substance of the affidavit, there's nothing in that affidavit which indicates that the defendant was not in possession of that information prior to his conviction.  The affidavit is worded very carefully. It states that this individual, Hermino Molina, went to speak to the police and he was not called as a witness at defendant's trial. There is no evidence to support the idea that Hermino Molina did not contact defendant, that he was not interviewed by defense counsel and rejected as a witness, or that defendant was not contacted by Molina. That affidavit also states that Hermino Molina was personally acquainted with the defendant, who he even referred to by a nickname, Scooby. So it seems illogical to think that Mr. Molina, who went to the great efforts to go to two police stations to talk to law enforcement officers, would not take the step to go and speak to defendant himself or defendant's counsel, who he knew, to share the information that he knew. But the officers did receive information from him and they did not pass it along. Is that correct? We're not aware that that's the fact. There's no information in the pleading that's filed by defendant that would support that fact. There's no affidavit from defendant saying that he didn't receive this information previously, that he didn't receive a report with this information. The only thing that we have is defendant's statements in his post-conviction petition, but the law is clear that even with a pro se petitioner, that's not sufficient, that he needs to include sufficient affidavits, evidence, or point to something in the record which would support his claim. And he's failed to do that in this case. But the state does not deny the allegation that he makes, that the defendant makes, that he didn't receive the material. Isn't that correct? Nowhere do you deny it. You don't say that you passed the information on. I believe that it's the defendant's burden to show that... Isn't this a matter we could resolve if we remanded it back for the trial court to have a hearing? Theoretically, yes. But the point is that there are rules and there are prerequisites that are... At the first stage. Even at the first stage, the defendant has to make a sufficient showing. And defendant simply hasn't met that. And while it is possible that we could garner more information if we had an evidentiary hearing, while it's possible that we could garner more information if the state had an opportunity to respond, the point is that these rules and these requirements are put in place for a reason. And once we start lessening these standards or not holding defendant to the specific rules that are set in place, simply because we're concerned about the nature of the allegation, then there's no reason to have these requirements in place. So are you then saying that the state did not disclose the identity of Malina because the defendant knew Malina? We're saying... I'm not saying one way or the other whether the state tendered information about Malina or not. I'm saying that defendant hasn't provided enough information for us to know... ...that the state has not provided enough information. I would also point out to this Court, defendant was comparing this case to Ortiz. And in his brief, he also compares this to a number of other cases where a new witness has come forward. But again, what I would highlight for this Court is the difference between this case and Ortiz and the cases which defendant... Ortiz was at third stage. That's correct. Malina was there. That's correct. This is at first stage. That's correct. But the other significant... What standards should we use in looking at a first stage? Well, in the case of People v. Anderson, which was a third division case decided by Your Honors, the Court was clear that to proceed to second stage consideration, a defendant must make a showing that the evidence he's presenting is newly discovered and that it has the potential to change the outcome of the trial. And I would say again, this defendant simply has not made that showing that this evidence is newly discovered. There is nothing included in his pleading which would support the fact that he did not previously have this information. And in terms... To get back to what I was saying before, the difference between this case and the other cases is that in all of those cases, there's something contained in the affidavit which would show us that defendant was not able to be in contact with this witness or was not aware of this witness. You're saying... There's nothing in this case which would show us that. The simple fact that there's an affidavit which is notarized by a notary from Massachusetts isn't support for the fact that this witness, Mr. Molina, was not available to the defendant. The other information which counsel provided to you here during oral argument does not contain anywhere in the record in the pleading or in the affidavit that's filed with this court and for that reason alone should not be considered by this court. So... Thank you, counsel. Thank you. For those reasons and those contained in the people's brief, we ask you to affirm the decision of the lower court. Thank you, Your Honor. Your Honor, even though a defendant only needs to show a limited amount of detail, need not plead even every element of the claim, what we have in the four corners of this petition is enough. That is because the United States Supreme Court has held, quote, after a prosecutor's representation, defendants are under no duty to scavenge for hints of undisclosed Brady material. The state here now imagines that at some point in 1985 or 1986, Mr. Munoz's counsel, even though he's about to be suspended from the practice of law, if you note in the briefs, managed to somehow scavenge for an undisclosed hint of Brady material, Molina's account, and then proceed to ignore it. And that because of that, he should be denied the ability to raise a Brady claim today. If the state believes it can prove those facts, it can put them in an answer and we can call these witnesses at a hearing. Right now, all we're looking for is this to advance to second stage so an attorney can put Mr. Munoz's pleading in a better form and the state can then have an opportunity to do a motion to dismiss or an answer. All I'm asking for is that Mr. Munoz has a chance to be heard. Thank you, counsel. Thank you, counsel. Let me compliment the attorneys on their briefs. This matter will be taken under advisement.